**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**, <br> 1401 New York Avenue, NW <br> Suite 400 <br> Washington, DC 20005 <br> (202) 662-8600 <br><br> *Plaintiff,* <br><br> v. <br><br> **UNITED STATES OFFICE OF MANAGEMENT AND BUDGET**, <br> 725 17th Street NW <br> Suite 9204 <br> Washington, DC 20503 <br> (202) 395-3642 <br><br> *Defendant.* | Case No. _____ |

## COMPLAINT

1.      Plaintiff Lawyers' Committee for Civil Rights Under Law (the "Lawyers'

Committee") brings this action against the United States Office of Management and Budget

under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment

Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel

compliance with the requirements of FOIA.

## INTRODUCTION

2.      This action is seeking disclosure of records related to the Consumer Financial

Protection Bureau's ("CFPB") decisions to repeal part of its regulations protecting low-income

consumers from predatory payday and auto title lending practices and Mick Mulvaney's

reorganization of the CFPB's Office of Fair Lending and Equal Opportunity ("OFLEO") in a

manner that stripped it of its power to enforce lending discrimination rules.  These decisions are particularly harmful to communities of color, including African American and Hispanic communities. On May 14, 2018, the Lawyers' Committee submitted one FOIA request to OMB, along with other FOIA requests to CFPB, out of concern that Mr. Mulvaney was ignoring the risks to communities of color in order to benefit payday and auto title lenders. This industry previously donated a substantial amount to Mr. Mulvaney's congressional campaigns when he was a Member of the House of Representatives. OMB has not produced a single document or provided any substantive response to the FOIA request.

3.      Consumers of color are most vulnerable to the unfair and abusive lending practices of payday and vehicle title lenders. Payday and vehicle title borrowers are disproportionately members of racial and ethnic minority groups. They use payday loans in particular at a rate two to three times higher than for non-Hispanic whites. Moreover, 29 percent of African Americans report using small-dollar credit products including payday loans, despite comprising 14 percent of the overall population.

4.      The CFPB acknowledged this racial disparity in payday and vehicle title lending when announcing in October 2017 its rule governing Payday, Vehicle Title, and Certain High-Cost Installment Loans (the "Final Rule"). The Final Rule provides critical protections for consumers – particularly people of color.  Now, the CFPB seeks to delay the compliance date of these essential rules while also working to wholly rescind critical provisions of the Final Rule: the mandatory underwriting and record keeping provisions.

5.      At the time of the FOIA request, Mr. Mulvaney was both the Director of OMB and the Acting Director of the CFPB. It was unclear how he was dividing his time between the two agencies. The Lawyers' Committee submitted this particular FOIA request to OMB to

determine whether OMB Director Mulvaney, inappropriately used his White House office or its resources to communicate with industry leaders or plan activities related to his CFPB duties and responsibilities.

6.      The purpose of the Lawyers' Committee's FOIA request is to further the public interest by surfacing records of government agency activity related to a genuine public concern: namely whether the CFPB, under Mr. Mulvaney's direction, was failing to appropriately protect communities of color from predatory and discriminatory lending practices. These records would further the public's knowledge of how Mr. Mulvaney operated the OMB and CFPB. If the Lawyers' Committee obtains any noteworthy records in response to this FOIA request, it intends to publish them. As a nonprofit civil rights organization, the Lawyers' Committee has no financial interest in these records.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

8.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

9.      Because Defendant has failed to comply with the applicable time-limit provisions under FOIA, the Lawyers' Committee is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold agency records and ordering Defendants to produce the agency records improperly withheld.

## PARTIES

10.      Plaintiff Lawyers' Committee is a non-profit, nonpartisan organization formed in 1963 at the request of President John F. Kennedy to enlist the private bar's resources in

combatting racial discrimination and the resulting inequality of opportunity.  The Lawyers'

Committee's principal mission is to secure equal justice for all through the rule of law, targeting

in particular the inequities confronting African Americans and other racial and ethnic minorities.

The Lawyers' Committee's Economic Justice Project engages in impact litigation and legal

advocacy to ensure that communities of color can access opportunities and meaningfully engage

in the economy free from discrimination.

11.     Defendant United States Office of Management and Budget ("OMB") is a

department of the executive branch of the United States Government headquartered in

Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C.

§ 552(f)(1).  OMB has possession, custody, and control of the records that the Lawyers'

Committee seeks.

## STATEMENT OF FACTS

*The Lawyers' Committee's Request to OMB*

12.     On May 14, 2018, the Lawyers' Committee submitted a FOIA request to OMB,

seeking various records to uncover the extent to which Mr. Mulvaney used his White House

office to meet with financial industry lobbyists and representatives, or to plan future CFPB

activities, including rolling back the Final Rule or reorganize OFLEO.  Specifically, the

Lawyers' Committee sought communications related to CFPB regulations, investigations,

litigations or other regulatory actions held by OMB Director Mick Mulvaney or other OMB

Office of the Director employees.  The Lawyers' Committee also sought communications

between various payday lending and financial industry lobbyists and relevant calendar entries.  A

true and correct copy of the FOIA Request is attached as Exhibit A.

*Plaintiff's Fee Waiver Requests*

13.     In the FOIA request described above, the Lawyers' Committee included a fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) since the Lawyers' Committee is not seeking the records for a commercial purpose, and disclosure is in the public interest as it is likely to contribute significantly to the public understanding of the operations and activities of the government.

14.     OMB resources, including its staff's time and attention, should be centered on OMB responsibilities. The CFPB exists to protect consumers, not banks and lenders. Payday and auto title lenders often prey on low-income households and those headed by people of color and single women. The public is entitled to information surrounding the rollback of the Final Rule and the reorganization of OFLEO because the CFPB's actions undermine critical protections for consumers, including consumers of color.

15.     The Lawyers' Committee plans to use the records obtained from OMB, and its analysis of those records, to educate the public through reports, press releases and other media. It also plans to make the materials available on their public website and promote their availability through social media platforms.

*OMB's Failure to Respond*

16.     OMB acknowledged receipt of the Lawyers' Committee's request via email on May 15, 2018 and assigned the request tracking number 2018-348. The email communication states that the Lawyers' Committee's request was "logged in" and was "being processed." A copy of the acknowledgement of receipt is attached as Exhibit B.

17.     On August 7, 2018, David Brody, Counsel for the Lawyers' Committee, called OMB's FOIA phone number.  No one answered. Mr. Brody left a voicemail but no one called him back.

18.     On September 6, 2018, Mr. Brody called OMB's FOIA phone number and spoke with Dionne Hardy, an OMB FOIA officer. She looked at the file for the FOIA request and noted she was not getting the search results she thought she should be getting but was unsure why. It was unclear to Mr. Brody what this meant. She said she would look into our request and call Mr. Brody back. She did not call back.

19.     On September 11, 17, and 18, 2018, Mr. Brody made repeated calls to OMB's FOIA phone number and left multiple messages for Ms. Hardy but never received a response.

20.     On October 24, 2018, Mr. Brody sent an email to OMB's FOIA email inbox and requested an update on the status of FOIA Request No. 2018-348.  Mr. Brody received no response to his request.  A copy of Mr. Brody's October 24 email is attached as Exhibit C.

21.     As of the date of this Complaint, Defendant OMB has failed to (a) notify the Lawyers' Committee of a final determination regarding its FOIA requests, including the full scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production. OMB also has not responded to the Lawyers' Committee's waiver request.

22.     Through Defendant's failure to respond to the Lawyers' Committee's FOIA request within the time period required by law, the Lawyers' Committee has constructively exhausted its administrative remedies and seeks immediate judicial review.  *See* 5 U.S.C. §552(a)(6)(C).

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records, and to Respond and Produce Responsive Documents

23.     The Lawyers' Committee repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.     The Lawyers' Committee properly requested records within the possession, custody, and control of Defendant.

25.     Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records pursuant to 5 U.S.C. §552(a)(3).

26.     OMB violated 5 U.S.C. §552(a)(3) by failing to reasonably search for and produce records sought in the FOIA request submitted by the Lawyers' Committee.

27.     OMB violated 5 U.S.C. §552(a)(6)(A) by failing to timely respond to the FOIA requests submitted by the Lawyers' Committee.

28.     Defendant is wrongfully withholding non-exempt agency records requested by the Lawyers' Committee by failing to produce non-exempt records and segregable portions of otherwise exempt records responsive to its FOIA request, and by failing to justify any withholdings.

29.     Plaintiff Lawyers' Committee is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for and produce records responsive to the Lawyers' Committee's FOIA request.

## COUNT II

### Violation of FOIA for Failure to Grant Public Interest Fee Waiver Request

30.     The Lawyers' Committee repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth therein.

31.     The Lawyers' Committee submitted the FOIA request described above on May 14, 2018, and it contained a request that OMB waive all associated fees because the request was not made for a commercial purpose and disclosure of the records sought would contribute significantly to public understanding of the operations and activities of the government.

32.     The Lawyers' Committee provided factual information supporting its fee waiver request.

33.     The Lawyers' Committee is entitled to a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and the regulations promulgated thereunder.

## REQUESTED RELIEF

WHEREFORE, the Lawyers' Committee respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to the Lawyers' Committee's FOIA requests;

(2) Order Defendant to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the Lawyers' Committee's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the Lawyers' Committee's FOIA request;

(4) Declare that the Lawyers' Committee's FOIA request qualifies for a fee waiver, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii);

(5) Award the Lawyers' Committee the costs of this proceeding, including litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant the Lawyers' Committee such other relief as the Court deems just and proper.

Dated: April 22, 2019

Respectfully Submitted,

/s/ John E. McCarthy Jr.
John E. McCarthy Jr. (Bar No. 430035)
Martin J. Mackowski (Bar No. 1045188,
*Application for Admission to D.D.C. Pending*)
Lyndsay A. Gorton (Bar No. 981959)
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
(t) (202) 624-2500
(f) (202) 628-5116
JMcCarthy@Crowell.com
MMackowski@Crowell.com
LGorton@Crowell.com

*Counsel for the Lawyers' Committee for Civil
Rights Under Law*

Dariely Rodriguez (D.C. Bar application
pending)
David Brody (Bar No. 1021476)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300
www.lawyerscommittee.org
drodriguez@lawyerscommittee.org
dbrody@lawyerscommittee.org
tcesaretti@lawyerscommittee.org